WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TP Racing LLLP, | No. CV-25-03170-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Unibet Arizona LLC, | |
| Respondent. | |

Pending before the Court is Petitioner TP Racing LLP's Petition to Confirm and Enforce Arbitration Award (Doc. 1). Respondent is Unibet Arizona LLC.

**I.**

The parties entered into a service agreement with an arbitration provision that requires arbitration of disputes between the parties. (Doc. 1 ¶ 8.) The parties submitted to arbitration for purposes of resolving a dispute regarding an attempt to terminate the service agreement. (*Id.* ¶¶ 11-12.) On August 6, 2027, an arbitrator panel issued an "Award of Arbitrators" against Respondent. (Docs. 1 ¶ 17, 1-1 at 2.) The panel later issued a "Modification of Award of Arbitrators." (Docs. 1 ¶ 19; 1-1 at 6.)

On August 29, 2025, Petitioner filed the present Petition to Confirm and Enforce Arbitration Award (Doc. 1). The petition was served on Respondent on October 7, 2025. (Doc. 4.) Respondent has not filed any response.*

---

* The Court received a call from Petitioner's counsel inquiring about whether the Court would take action given Respondent's failure to respond. It would have been proper for Petitioner to file a notice indicating that Respondent failed to appear and that the Court could proceed to adjudicate the petition.

## II.

The Federal Arbitration Act requires that, whenever "a party seeks a judicial order confirming an arbitration award, 'the court must grant such an order unless the award is vacated, modified, or corrected . . . .'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 314 F.3d 987, 997 (9th Cir. 2003) (quoting 9 U.S.C. § 9). The FAA permits vacatur of an arbitration award only when "the award was procured by corruption, fraud, or undue means"; "there was evident partiality or corruption in the arbitrators"; "the arbitrators were guilty of misconduct"; or "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(1)-(4). The FAA authorizes a court to modify an arbitration award only when "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; "the arbitrators have awarded upon a matter not submitted to them"; or "the award is imperfect in matter of form not affecting the merits." 9 U.S.C. § 11(a)-(c).

Respondent has not filed any motion seeking to vacate or modify the arbitration award. Respondent has similarly failed to file an opposition to Petitioner's motion (Doc. 1). If counsel does not file a memoranda in response to a motion, "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Accordingly, the Court finds no basis on which to vacate, modify, or correct the Modification of Award of Arbitrators (Doc. 1-1 at 6.)

**IT IS THEREFORE ORDERED** that Petitioner's Petition to Confirm Arbitration Award (Doc. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 10th day of December, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge