**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

TP Racing LLLP,

      Petitioner,

v.

Unibet Arizona LLC,

      Respondent.

No.  CV-25-03170-PHX-MTL

**ORDER**

This matter is before the Court on the Motion for Sanctions for Failure to Comply to Subpoena ("Motion for Sanctions") (Doc. 10), filed by Petitioner TP Racing LLLP ("TP"), and the Cross Motion to Quash ("Cross Motion to Quash") (Doc. 15), filed by third party Respondent Unibet Interactive, LLC ("Unibet Interactive" or "UBI").  These motions are on referral by United States District Judge Michael T. Liburdi to the undersigned United States Magistrate Judge, pursuant to LRCiv 72.1(b) and LRCiv 72.2(a)(3), (6), and (9) (Doc. 8).

Upon careful review of the record in this matter and applicable law, the Court will quash the Subpoena at issue in the pending motions (Doc. 7-1; *see* Doc. 8) because the judgment in this matter is not an enforceable judgment in its present form (Doc. 6). Therefore, the Court will deny the pending motions as moot.  If and upon amendment of the judgment, Petitioner may seek issuance of a subpoena and other supplementary proceedings for enforcement of such judgment.

## I.    PERTINENT PROCEDURAL HISTORY

On August 29, 2025, Petitioner TP Racing LLLP filed a Petition to Confirm and Enforce Arbitration Award ("Petition") (Doc. 1), requesting the Court to enforce and confirm an arbitration award against Respondent Unibet Arizona LLC.  The arbitration award was filed as part of the Petition (Doc. 1-1), but neither a form of order nor proposed form of judgment was filed as part of or with the Petition.

In the Petition, Petitioner "TP request[ed] that this Court confirm the 'Award of Arbitrators' as it was modified in the 'Modification of Award of Arbitrators,' and grant judgment in favor of TP in the amounts awarded in the Arbitration" (Doc. 1 at 5; *see also* Doc. 1-1).

The Petition, including attachments, was served upon Respondent Unibet Arizona LLC (Doc. 4).

The Court's December 11, 2025, Order regarding the Petition recounted and explained:

> The parties entered into a service agreement with an arbitration provision that requires arbitration of disputes between the parties.  (Doc. 1 ¶ 8.)  The parties submitted to arbitration for purposes of resolving a dispute regarding an attempt to terminate the service agreement.  (*Id.* ¶¶ 11-12.)  On August 6, 202[5], an arbitrator panel issued an "Award of Arbitrators" against Respondent.  (Docs. 1 ¶ 17, 1-1 at 2.)  The panel later issued a "Modification of Award of Arbitrators."  (Docs. 1 ¶ 19; 1-1 at 6.)

> On August 29, 2025, Petitioner filed the present Petition to Confirm and Enforce Arbitration Award (Doc. 1).  The petition was served on Respondent on October 7, 2025.  (Doc. 4.)  Respondent has not filed any response.

> . . .

> The Federal Arbitration Act requires that, whenever "a party seeks a judicial order confirming an arbitration award, 'the court must grant such an order unless the award is vacated, modified, or corrected . . . .'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 314 F.3d 987, 997 (9th Cir. 2003) (quoting 9 U.S.C. § 9).  The FAA permits vacatur of an arbitration award only when "the award was procured by corruption, fraud, or undue means"; "there was evident partiality or corruption in the arbitrators"; "the arbitrators

were guilty of misconduct"; or "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(1)-(4). The FAA authorizes a court to modify an arbitration award only when "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; "the arbitrators have awarded upon a matter not submitted to them"; or "the award is imperfect in matter of form not affecting the merits." 9 U.S.C. § 11(a)-(c).

Respondent has not filed any motion seeking to vacate or modify the arbitration award. Respondent has similarly failed to file an opposition to Petitioner's motion (Doc. 1). If counsel does not file a memoranda in response to a motion, "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Accordingly, the Court finds no basis on which to vacate, modify, or correct the Modification of Award of Arbitrators (Doc. 1-1 at 6.)

(Doc. 5 (footnote omitted)). The Court entered orders as follows:

**IT IS THEREFORE ORDERED** that Petitioner's Petition to Confirm Arbitration Award (Doc. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

(*Id*. at 2).

Following the Court's Order and also on December 11, 2025, the Clerk of Court entered judgment in this matter ("Judgment") (Doc. 6). The Judgment is entitled "Judgment of Dismissal in a Civil Case" and states:

**Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that pursuant to the Court's Order filed December 11, 2025, Petitioner's Petition to Confirm Arbitration Award is granted, and the complaint and action are dismissed.

(*Id.*).

On December 22, 2025, TP filed a Motion for Supplemental Proceedings (Doc. 7). In the Motion for Supplemental Proceedings, TP requested the Court's approval to issue

supplemental discovery requests; TP specifically requested permission to serve non-party Unibet Interactive with a subpoena compelling production of documents relating to any moneys and assets received either by Unibet Arizona or by Unibet Interactive for the benefit of Unibet Arizona ("Subpoena") (*Id.* at 1-3; *see* Doc. 7-1 at 4-5).  TP represented:

> TP wishes to collect on the arbitration award, as confirmed by the order of this Court. Unibet Arizona has gone out of business. The documents pertaining to Unibet Arizona, including records of all money and assets of Unibet Arizona and all activities of Unibet Arizona, are in the care, custody or control of one or more affiliates of Unibet Arizona. TP seeks to issue supplemental proceedings discovery requests to one or more of those affiliates. The first such affiliate is **Unibet Interactive, LLC**. Filings with the Arizona Corporation Commission state that Unibet Interactive, LLC was the sole member of Unibet Arizona and that Unibet Arizona was managed by Unibet Interactive, LLC. Substantially all of the activities and actions of Unibet Arizona were conducted by Unibet Interactive, LLC.

> TP seeks, among other things, documents that will allow an accounting of all moneys and assets received either by Unibet Arizona or by Unibet Interactive, LLC for the benefit of Unibet Arizona. TP further seeks documents and information to support claims for alter ego and piercing of the corporate veil. All such documents and information are appropriate in light of the facts of this case, including the close relationship between Unibet Arizona and Unibet Interactive, LLC. TP is permitted by FRCP Rule 69 to conduct discovery necessary to enforce this Court's judgment. "The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014). "Even though Rule 69 discovery may resemble the proverbial fishing expedition, a judgment creditor is entitled to fish for assets of the judgment debtor." *Textron Fin. Corp. v. Gallegos*, 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016) (citation omitted) (emphasis in original); *see United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) ("examinations are intended to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor and to leave no stone unturned in the search for assets which might be used to satisfy the judgment.") (citations omitted).

> TP requests this Court's approval to issue supplemental discovery requests that will include, but not necessarily be limited to, a subpoena for documents to Unibet Interactive LLC and, after those documents are received and reviewed, a notice of deposition (either in person or by video conference) of

one or more representatives of Unibet Interactive LLC. Attached hereto as Exhibit A is the subpoena TP intends to serve on Unibet Interactive LLC.

(Doc. 7 at 1-3).  TP summed up that it "requests that this Court authorize the use of discovery to obtain documents and information in aid of collection of the arbitration award from all potential sources, specifically including but not limited to the issuance of the subpoena in the form which is attached as Exhibit A" (Doc. 7 at 3).

The Court granted the Motion for Supplemental Proceedings, authorized issuance of the Subpoena, and referred the matter to the undersigned for any related proceedings pursuant to LRCiv 72.1(b) and LRCiv 72.2(a)(3), (6), and (9) (Doc. 8).

A Certificate of Service filed on January 20, 2026 (Doc. 9), reflects that a subpoena duces tecum for Unibet Interactive, LLC c/o The Corporation Trust Company, Registered Agent was served on January 9, 2026, to Tatiyana Smith, Intake Specialist, who was "authorized to accept/receive service" (*Id.* at 1).

On February 11, 2026, TP filed the pending Motion for Sanctions representing to the Court that Unibet Interactive failed to produce the documents enumerated in the Subpoena by the deadline of January 22, 2026 (Doc. 10 at 2).  In the pending Motion for Sanctions, TP argues that Unibet Interactive willfully disobeyed a lawful subpoena authorized and approved by this Court and asks the Court to impose as a sanction an "adverse inference that the documents and information Unibet Interactive refuses to provide would support TP's alter ego theory" and render a default judgment finding Unibet Interactive liable for the arbitration award as Unibet Arizona's alter ego (*Id.* at 3-4).

Unibet Interactive filed a response to TP's Motion for Sanctions and cross moved to quash the Subpoena (Doc. 15).  Unibet Interactive explains that Unibet Arizona is a dissolved Delaware LLC and there are pending proceedings in the Delaware Court of Chancery where TP seeks to revive Unibet Arizona (the "Delaware Action") (*Id.* at 4). Unibet Interactive reasons that TP can obtain the same documents it seeks in this action by diligently pursuing the Delaware Action (*Id.* at 11).  Unibet Interactive represents that it has already responded to discovery requests in the Delaware Action and contends that the Subpoena should be quashed because it would be more convenient, less burdensome, or

less expensive for TP to pursue discovery in the Delaware Action (*Id.*). Unibet Interactive further argues that it is improper under Rule 69 for TP to "drag UBI away from the pending Delaware Action into a third-party discovery fight" (*Id.* at 12). Finally, Unibet Interactive argues that TP must pursue recovery in Delaware because under Delaware law a default judgment has "little immediate utility" until the cancelled entity is revived (*Id.*). Thus, Unibet Interactive requests that the Court quash the Subpoena (*Id.* at 14).

TP filed a combined Reply in Support of Motion for Sanctions and Response to Cross Motion to Quash (Doc. 16). Unibet Interactive replied in support of its Cross Motion to Quash (Doc. 17).

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 58, "[e]very judgment . . . must be set out in a separate document" and "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court awards only costs or a sum certain[.]" Fed. R. Civ. P. 58; *see also* LRCiv 58.1 ("Judgments will be entered in accordance with Rule 58, Federal Rules of Civil Procedure"). Moreover, "[a] judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." Fed. R. Civ. P. 54(a).

Under Federal Rule of Civil Procedure 69, "[a] money judgment is enforced by a writ of execution, . . . [and] [t]he procedure . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). In jurisdictions such as and like Arizona, the law mandates that a judgment must be definite and certain in its terms to be enforceable. *See Bryan v. Nelson*, 180 Ariz. 366, 368-69, 884 P.2d 252, 254-55 (Ct. App. 1994); *McClanahan v. Hawkins*, 90 Ariz. 139, 141-42, 367 P.2d 196, 197 (1961); *see also* A.R.S. § 33-961 (a judgment); A.R.S. § 12-1572 (application for a writ of garnishment); A.R.S. § 12-1612 (renewal of a recorded judgment). Although there is no single correct form of judgment, a typical enforceable judgment identifies which party prevailed against which other party and contains specific relief awarded, such as monetary damages. *See* 10 Fed. Prac. & Proc. Civ. § 2652 (4th ed.); *see also Bryan*, 180 Ariz. at 368-69, 884 P.2d at 254-55;

*McClanahan*, 90 Ariz. at 141-42, 367 P.2d at 197.  Indeed, for a judgment to become a lien on the real property of a judgment debtor, Arizona statute requires that "[t]he certified copy of the judgment shall set forth the . . . [n]ames of the judgment debtor and judgment creditor . . . [and the] [a]mount of the judgment."  A.R.S. § 33-961; *see also* A.R.S. § 33-963 (requiring that a judgment of a federal court "shall be recorded in the manner provided in § 33-961 and in compliance with § 33-967, if applicable, before the judgment becomes a lien upon, or in any manner affects or encumbers, the real property of the judgment debtor, or any part thereof.").  Similarly, the Ninth Circuit has determined that a "money judgment" consists of "two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant."  *United States ex rel. Thrower v. Acad. Mortg. Corp.*, 172 F.4th 695, 699 (9th Cir. 2026).

## III.   THE JUDGMENT IS NOT ENFORCABLE IN ITS PRESENT FORM

The current Judgment (Doc. 6) does not meet requirements for an enforceable judgment under either applicable Federal Rules of Civil Procedure or Arizona law.[1]  The Judgment is titled "Judgment of Dismissal in a Civil Case" (*Id.*).  The Judgment states that "Petitioner's Petition to Confirm Arbitration Award is granted, and the complaint and action are dismissed" (*Id.*).  The Judgment does not identify the monetary amount of the judgment, nor does it identify which party prevailed against which other party (*Id.*).[2]  Accordingly, the Judgment is not enforceable by TP against Unibet Arizona in its present form and the Court will quash the Subpoena which was authorized to enforce the Judgment.

Importantly, Federal Rule of Civil Procedure 60(a) allows for corrections of clerical

---

[1] *Cf.* Judgment in a Civil Case, *Raymond James & Assocs. Inc. v. Oldewurtel*, No. CV-23-01412-PHX-SRB (D. Ariz. Nov. 20, 2023), Dkt. No. 16 (entering judgment in favor of the Petitioner and against Respondent "in the amount of $570,805.01"); Judgment in a Civil Case, *Uber Techs. Inc. v. Davis*, No. CV-23-00416-PHX-JAT, (D. Ariz. Oct. 27, 2023), Dkt. No. 20 (entering judgment in favor of the Petitioner and against Respondent "in the amount of $3,379.73, plus post-judgment interest at the rate listed in 28 U.S.C. § 1961 accruing from today until such amount is paid by Respondent").

[2] Under Arizona law, a judgment creditor is "a person or entity that has a money judgment" and a judgment debtor is "a person or entity against which a money judgment has been awarded."  A.R.S. § 12-1570(4), (5).  Yet, the Judgment does not award money for or against any person or entity (Doc. 6).

- 7 -

mistakes, oversights, and omissions contained in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). The Ninth Circuit has "consistently interpreted Rule 60(a) to allow a district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment[.]" *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012). The district court may invoke Rule 60(a) to "make a judgment reflect the actual intentions of the court, plus the necessary implications," including to facilitate enforcement of its judgment, resolve ambiguity, and clarify its original intention. *Id.* at 1077-80 ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement.").

Unfortunately, proper amendment of the Judgment is arguably unclear on the present record as developed during the briefing on the pending motions. The confirmed arbitration award in favor of Petitioner TP Racing LLLP against Unibet Arizona LLC included the following amounts, totaling $5,100,066.87: damages of $4,887,252.00; attorneys' fees of $99,212.50; expert witness fees of $77,140.57; and administrative fees and expenses of American Arbitration Association of $36,461.80 (Doc. 1-1; *see also* Doc. 5). Yet, reference by Petitioner to the arbitration award confirmed by this Court in the Motion for Sanctions leaves out the administrative fees and expenses of American Arbitration Association of $36,461.80:

> In August 2025, TP obtained a $5,063,605.07 arbitration award against Unibet Arizona, LLC for damages, attorney fees, and expert witness fees arising out of Unibet Arizona's breach of a service agreement. This Court confirmed the arbitration award on December 10, 2025 (Doc. 5).

(Doc. 10 at 1). This discrepancy not only underscores the significance of definite and certain terms in an enforceable judgment, particularly in regards to monetary amounts; this discrepancy also underscores the importance of the Court's local rule requirement that a proposed form of order be submitted when a party requests specific relief. *See* LRCiv 7.1(b)(2) ("In civil cases when a party requests specific relief . . . the party must submit a proposed order as an attachment to the motion or stipulation.").

- 8 -

If Petitioner intends to move to amend the Judgment under any applicable authority, Petitioner should do so promptly so that the Court may timely and properly consider any proposed amendment. Further, in any motion to amend, consideration should be given to any applicable interest, including the start date. *See* LRCiv 58.1(b) ("When a judgment provides for an award of money, the form of judgment prepared must provide a space wherein the rate of interest can be entered by the Court on the date of entry at the rate then authorized pursuant to 28 U.S.C. § 1961 (a)."); *United States ex rel. Thrower*, 172 F.4th at 700.

The Court recognizes the efforts expended by the parties regarding the propriety of the Subpoena at issue (Doc. 7-1; *see* Doc. 8). If another subpoena is sought after amendment of the Judgment, the subpoena will be reviewed for issuance in light of the parties' arguments. Additionally, if another subpoena is issued and there is failure to comply, the Court will consider available sanctions with the parties' arguments in mind. *See also* 28 U.S.C. § 1826(a); *Invesco High Yield Fund v. Jecklin,* 10 F.4th 900, 901 (9th Cir. 2021) (holding that "§ 1826(a) applies to an individual who refuses to comply with a court order compelling responses to post-judgment written discovery requests").

Accordingly,

**IT IS ORDERED** that the Subpoena at issue in the pending motions (Doc. 7-1; *see* Doc. 8) is hereby quashed.

**IT IS FURTHER ORDERED** that TP's Motion for Sanctions for Failure to Comply to Subpoena (Doc. 10) and related requests (Doc. 16) are denied as moot.

**IT IS FURTHER ORDERED** that Unibet Interactive's Cross Motion to Quash (Doc. 15) is denied as moot.

**IT IS FURTHER ORDERED** that if and upon amendment of the Judgment, Petitioner may seek issuance of a subpoena and other supplementary proceedings for enforcement of such judgment.

Dated this 4th day of May, 2026.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

- 9 -