**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

TP Racing LLLP,

          Petitioner,

v.

Unibet Arizona LLC,

          Respondent.

No.  CV-25-03170-PHX-MTL

**ORDER**

This matter is before the Court on Petitioner TP Racing, LLLP's Motion to Correct Judgment pursuant to Rule 60(a), Federal Rules of Civil Procedure, regarding judgment entered on December 11, 2025 (Docs. 5, 6). (Doc. 19.) Respondent has not filed a response to the Motion. For the reasons below, the Court will grant the Motion, and the judgment will be amended to reflect the specificity of the confirmed arbitration award (Docs. 1-1, 5, 6).

## I.     BACKGROUND

On August 29, 2025, Petitioner TP Racing LLLP filed a petition in which it "request[ed] that this Court confirm the 'Award of Arbitrators' as it was modified in the 'Modification of Award of Arbitrators,' and grant judgment in favor of TP in the amounts awarded in the Arbitration" (Doc. 1 at 5). On December 11, 2025, the Court entered orders as follows:

> **IT IS THEREFORE ORDERED** that Petitioner's Petition to Confirm Arbitration Award (Doc. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

(*Id*. at 2.)  The Clerk of Court also entered judgment entitled "Judgment of Dismissal in a Civil Case" stating:

> **Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.
>
> IT IS ORDERED AND ADJUDGED that pursuant to the Court's Order filed December 11, 2025, Petitioner's Petition to Confirm Arbitration Award is granted, and the complaint and action are dismissed.

(Doc. 6.)

Petitioner filed a Motion for Supplemental Proceedings, requesting the Court's authorization to use discovery to obtain documents and information in aid of collection of the arbitration award, including the issuance of a proposed subpoena. (Doc. 7.) The Court granted the Motion and authorized issuance of the subpoena. (Doc. 8.) The subpoena was served, and after receiving no communication from Respondent, Petitioner filed a Motion for Sanctions for Failure to Comply with Subpoena. (Doc. 10.) On May 4, 2026, the Court found that the current judgment is unenforceable. (Doc. 18 at 7-9.) The Court quashed the subpoena and indicated that it would consider the issue of the propriety of the subpoena if and upon amendment of the judgment. (*Id.*)

Petitioner's filed a Motion to Correct Judgment, which asks the Court to correct the judgment pursuant to Federal Rule of Civil Procedure 60(a). (Doc. 19.) The Motion attempts to cure the defects identified in the Court's prior Order (Doc. 18), namely by, in its proposed form of amended judgment, identifying the prevailing party, stating a specific monetary amount, identifying the party against whom judgment is rendering, and providing a space for the Court to enter the appropriate interest rate. (Doc. 19-1.)

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 60(a) allows for corrections of clerical mistakes, oversights, and omissions contained in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a).  The Ninth Circuit has "consistently interpreted Rule 60(a) to allow a

- 2 -

district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment. *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012). The district court may invoke Rule 60(a) to "make a judgment reflect the actual intentions of the court, plus the necessary implications," including to facilitate enforcement of its judgment, resolve ambiguity, and clarify its original intention. *Id.* at 1077-80 ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement.").

"A money judgment is enforced by a writ of execution, …[and] [t]he procedure … must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See* Fed. R. Civ. P. 69. A judgment must be definite and certain in its terms to be enforceable. *See Bryan v. Nelson*, 180 Ariz. 366, 368-69, 884 P.2d 252, 254-55 (Ct. App. 1994); *McClanahan v. Hawkins*, 90 Ariz. 139, 141-42, 367 P.2d 196, 197 (1961).

### III.    AMENDMENT OF JUDGMENT

Petitioner's Motion to Correct Judgment (Doc. 19) is unopposed, and in a proposed form of amended judgment, Petitioner supplies the required detail to satisfy Federal Rule of Civil Procedure 69 (Doc. 19-1). Under the authority of Federal Rule of Civil Procedure 60(a) and to ensure the Judgment's clarity and accuracy as well as facilitate enforcement of the judgment pursuant to Federal Rule of Civil Procedure 69, the Court will grant Petitioner's Motion to Correct Judgment (Doc. 19). The Court will direct the Clerk of Court to enter an amended judgment to eliminate reference to dismissal and to specify the precise total amount awarded in the confirmed arbitration award (Docs. 1-1, 5) in conformity with Petitioner's proposed form of amended judgment (Doc. 19-1).

The confirmed arbitration award in favor of Petitioner TP Racing LLLP against Unibet Arizona LLC was for the following amounts, totaling $5,100,066.87: damages of $4,887,252.00; attorneys' fees of $99,212.50; expert witness fees of $77,140.57; and administrative fees and expenses of American Arbitration Association of $36,461.80 (Doc. 1-1; *see also* Doc. 5). The Court will also award post-judgment interest as provided

in 28 U.S.C. § 1961.

**IT IS THEREFORE ORDERED** that TP Racing, LLLP's Motion to Correct Judgment (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter an amended judgment entitled "Judgment in a Civil Case" in favor of Petitioner TP Racing LLLP against Unibet Arizona LLC in the amount of $5,100,066.87, plus post-judgment interest as provided in 28 U.S.C. § 1961 at a rate of 3.77 percent per annum, accruing from the date of this Order until such amount is paid by Respondent.

Dated this 28th day of May, 2026.

Michael T. Liburdi
United States District Judge

- 4 -